UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELODY WILLIAMS,**

    **Plaintiff,**

v.

                            Civil Action 2:20-cv-6424
                            JUDGE EDMUND A. SARGUS, JR.
                            Magistrate Judge Kimberly A. Jolson

**OHIO DEPARTMENT OF
REHABILITATION AND CORRECTIONS,** *et al.*,

    **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Objections (ECF No. 53) to the Magistrate Judge's Report and Recommendation (ECF No. 44) For the reasons that follow, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Report and Recommendation.

**I.  BACKGROUND**

On December 16, 2020, Plaintiff Melody Williams, proceeding without the assistance of counsel, filed this lawsuit seeking $1,000,000 in both compensatory and punitive damages. (Compl., ECF No. 1.) Over the course of 105 pages, Plaintiff makes a vast array of allegations against 16 different defendants that relate to her contention that the water at the Ohio Reformatory for Women ("ORW"), where she is imprisoned, was contaminated with an asbestos-containing mineral, vermiculite and that water caused her harm.

Relevant here, Plaintiff alleges Defendant Scotts Miracle-Gro Company's ("Scotts"), whose headquarters are in Marysville, Ohio, knowingly polluted the Marysville water with asbestos and continue to do so without being sanctioned by Marysville or the United States Environmental Protection Agency ("EPA").   Plaintiff alleges four causes of action against Scotts

and, in her proposed Amended Complaint, seeks to add the CEO of Scotts, Jim Hagedorn, as a defendant.  First, Plaintiff alleges Scotts and Hagedorn breached their duty to avoid physically injuring her by contaminating the water supply and that this breach constitutes a state law tort of negligence. Plaintiff also alleges Scotts and Hagedorn are liable for negligent infliction of emotional distress and that their actions violated her Fourteenth Amendment Equal Protection Rights.  In addition, Plaintiff alleges Scotts and Hagedorn knowingly polluted the Marysville water with asbestos and continue to do so without being sanctioned by Marysville or the EPA. Plaintiff claims that these actions were motivated by race and that they constitute a conspiracy to deprive her of her civil rights under 42 U.S.C. § 1985.

Plaintiff also names as a defendant the Union County Board of Commissioners ("UCBC").  Ms. Williams alleges they failed to properly and effectively operate and maintain the water supply to ORW and have failed to shut off the toxic water supply to prevent injury to Plaintiff and the inmates at ORW.  Further, Plaintiff alleges that UCBC has known since 1999 that the municipal water supply is contaminated, and that the contaminated water is being supplied to ORW.  She brings claims of negligence, negligent infliction of emotional distress, and violations of her constitutional rights against UCBC.

After Plaintiff's attempt to serve Scotts and UCBC, both moved to dismiss Plaintiff's Complaint. (ECF Nos. 24, 35). Shortly thereafter, Plaintiff moved to amend her Complaint. (ECF No. 36).

On September 13, 2021, the Magistrate Judge Issued her Report and Recommendation in which she recommended dismissing all claims brought against Scotts and UCBC.  After several extensions, Plaintiff filed an Objection (ECF No. 53) and filed a supplemental Objection (ECF No. 54).  On November 15, 2021, Scotts filed an opposition to Plaintiffs' Objection (ECF No.

55) as did UCBC (ECF No. 56) two days later. Ms. Williams' Objections are now ripe for review.

**II.**

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

Magistrate Judge Jolson found that Plaintiff failed to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6) and recommended granting Scotts' and UCBC's motions to dismiss.

**III.**

Defendants Scotts and UCBC moved to dismiss all of the claims filed against them for (A) Failure to Serve them and, (B) for failure to state any claim upon which relief can be granted.

**A.     Failure to Serve**

Both Scotts and the UCBC argue that this case should be dismissed against them because they have not been properly served. In her Report and Recommendation, the Magistrate Judge stated:

> It is crucial that each Defendant is properly served so that Plaintiff's case may progress to the merits. Yet, given the disposition above—particularly considering the Order to Show Cause—the Court will refrain from considering issues with service of process until it is clear Plaintiff's Complaint will proceed past this initial review of the pleadings.

(Report and Recommendation ("R&R") at 18, ECF No. 44.)

Because this Court has determined herein that both Scotts and the UCBC are entitled to dismissal on other grounds, it too will refrain from considering this issue *de novo*. That is, even if Plaintiff did properly serve Scotts and UCBC, the causes of action alleged against them would still be dismissed because they are not claims upon which relief can be granted, as explained below.

**B.    Failure to State a Claim**

The Court first considers Defendants Scotts and UCBC's Motions to Dismiss (Docs. 24, 35)

    **1.    Standard**

In evaluating a complaint to determine whether it states a claim upon which relief can be granted, the Court must construe it in favor of Plaintiff, accept the factual allegations contained in the pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.  See also Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

A *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard than are formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21, (1972); *see also Estelle v. Gamble*, 429 U.S. 97 (1976). A trial court should make a reasonable

attempt to read the pleadings of a *pro se* litigant to state a valid claim on which the plaintiff could prevail, despite any failure to cite proper legal authority, confusion of various legal theories, poor syntax and sentence construction, or unfamiliarity with pleading requirements. *Ashiegbu v. Purviance*, 74 F. Supp. 2d 740, 749 (S.D. Ohio 1998) (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "This standard does not mean, however, that pro se plaintiffs are entitled to take every case to trial." *Id*. (citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)). "Indeed, courts should not assume the role of advocate for the pro se litigant." *Id*. (citing *Hall*, 935 F.2d at 1110).

    2.    **Scotts**

Plaintiff purports to bring against Scotts a claim under 42 U.S.C. § 1983 and a claim for conspiracy to violate Plaintiff's civil rights under 42 U.S.C. § 1985. Ms. Williams also filed state law tort claims against Scotts, including negligence, intentional injury, and negligent and intentional infliction of emotional distress.

    a.    **42 U.S.C. § 1983**

In the Report and Recommendation, the Magistrate Judge correctly found Ms. Williams failed to sufficiently plead a claim under 42 U.S.C. § 1983 and recommended dismissal of this claim. This Court, however, need not delve into any analysis here because in her Objections, Plaintiff explains that she did not intend to allege a claim under § 1983 claim.

    b.    **Tort Claims**

Plaintiff also brings a claim for negligence, alleging Scotts "is liable for failing to adequately maintain its chemical waste disposal system from its Marysville plant, and by allowing the system to fail and pollute the waters at ORW releasing dangerous levels of asbestos." (Compl. at 5, 10.) Plaintiff brings claims for both negligent and intentional infliction

of emotional distress based on "cancerphobia." (*Id.* at 24, 100–105.) The Complaint alleges Plaintiff has "an increased fear of developing cancer as [she has] knowledge of [her] toxic exposure [to] the water." (*Id.* at 102.)

Scotts moved for dismissal for failure to state a claim for, *inter alia*, filing past the applicable statute of limitations. (Scott's Mot. to Dismiss at 6–8.) In the Report and Recommendation, the Magistrate Judge held that, "while Plaintiff cursorily alleges Scotts' manufacturing facility contaminated the Marysville municipal water supply, she offers no 'factual content' which would allow the Court to draw the 'reasonable inference' that Scotts actually did this." (R&R at 7, ECF No. 44) (quoting *Iqbal*, 556 U.S. at 678).

In her Objections, Plaintiff points to a few statements in her Complaint that she argues are factual content to support these tort claims. (Obj. at 3, ed 53.) These statements, however, are similarly conclusory and do not state a claim for negligence. *Id.* (stating Scotts discharged asbestos, it owed Plaintiff a duty of care, and breached such duty). These are merely "threadbare recitals of a cause of action's elements, which this Court cannot accept as sufficient. *Iqbal*, 556 U.S. at 663

Plaintiff also argues in her Objections that she has alleged "detailed factual content such as background history" and that this states a claim for negligence. *Id.* at 4. These "background" facts do not advance her claim of negligence as they are not factual allegations from which the Court could draw reasonable inferences as to the claims at hand. *Id.* These background history allegations are directed at Scott's purported acts in the past that caused injury to others due to asbestos and the studies completed by it and the EPA regarding the effects of asbestos. No reasonable inference may be drawn from these background facts regarding Scott's alleged duty and breached a duty Plaintiff.

6

In addition, even if Plaintiff had alleged plausible claims for these torts, they are barred by the applicable statute of limitations. In this Court's *de novo* review, it agrees with Scotts on this issue. That is,

> When bodily injury results from negligence, the statute of limitations is two years. *Love v. City of Port Clinton*, 524 N.E.2d 166, 167 (Ohio 1988) (citing Ohio Rev. Code 2305.10). When the harm is intentional, the statute of limitations is one-year. (*Id.* (citing Ohio Rev. Code 2305.11). Because the Complaint alleges that the Libby mine, where Scotts obtained its vermiculite, ceased operating in 1990 (Compl. at 10), Plaintiff has allegedly been drinking contaminated water since at least 1998 (*id.* at 79–80), and Plaintiff's ulcers were left untreated for 3 years (Compl. at 29–30), Plaintiff bears the burden of pleading sufficient facts to support an application of the discovery rule. *See Owner Operator Indep. Drivers A s'n v. Comerica Bank*, 540 F. Supp. 2d 925, 930 (S.D. Ohio 2008) ("For a party to avail itself of the discovery rule, it must affirmatively plead facts alleging the circumstances surrounding the discovery of its claim, including facts showing that the party acted diligently to ascertain the nature of the claim.").
>
> The applicable discovery rule is codified at Ohio Revised Code § 2305.10(B)(1) . . . . [and] . . . the only date that could be construed as alleging a discovery date is three years ago. Plaintiff alleges no other dates. With the statute of limitations being one and two years, Plaintiff's tort claims are time-barred.

(Scott's Mot. to Dismiss at 7 – 8 , ECF No. 24.)

    **c.**    **42 U.S.C. § 1985(3)**

Plaintiff brings a claim under 42 U.S.C. § 1985(3) alleging that Marysville, the Ohio Department of Rehabilitation and Correction ("ODRC"), ORW, Scotts, and the EPA engaged in a conspiracy to violate Plaintiff's constitutional rights as a low income, African American woman. (Compl at 64.) To establish a violation of 42 U.S.C. § 1985(3), a plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or another class-based discriminatory animus. *Deja Vu of Nashville, Inc. v. Metro. Gov't of Nashville & Davidson Cty., Tenn. by & through Traffic & Parking Comm'n*, 805 F. App'x 379, 384 (6th Cir. 2020).

Plaintiff provides a recitation of the elements required for a § 1985(3) claim, and then only adds that the other defendants were engaged in a conspiracy to deprive her, an African American, of Equal Protection when Scotts polluted of the water.  These allegations, even when liberally construed and holding Plaintiff to a less stringent pleading requirement than that applied to attorneys, the Complaint fails to allege any plausible claim on which relief may be granted and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### d. Conclusion – Scotts

After a *de novo* review, for the reasons stated above, the Court **OVERRULES** Plaintiff's Objections as they relate to her claims against Scotts and **GRANTS** Scott's Motion to Dismiss.

### 2. Union County Board of Commissioners

Plaintiff brings claims against UCBC, alleging that it, through its individual Commissioners, are liable for negligence, negligent infliction of emotional distress, and violations of her constitutional rights.

The Magistrate Judge found that

> Plaintiff has not alleged any facts which would show UCBC is liable for negligence, negligent infliction of emotional distress, or violations of her constitutional rights. There are no alleged facts showing how UCBC would have been involved in decisions about Marysville's water system, including a decision to switch the entire city's water supply to a new reservoir but to leave ORW connected to contaminated water. As UCBC correctly contends, "the Complaint alleges over and over that the Commissioners were involved in switching Marysville's water supply but provides no dates, no names of people involved, [and] no information as to how the Commissioners became aware of asbestos contamination[.]" (*See* Doc. 35 at 8).

(R&R at 7, ECF No. 44.)  She further found that, even if Ms. Williams had alleged any plausible claim for relief, UCBC is immune to Plaintiff's negligence and negligent infliction of emotional distress claims.  *Id*. at 11–12.

In this Court's *de novo* review, it finds that the Magistrate Judge appropriately applied the law to the allegations and correctly found that Ms. Williams failed to state any claim upon

8

which relief can be granted. This is so even when holding Plaintiff to a lower burden than attorneys, construing her complaint liberally and drawing all reasonable inferences in her favor. Consequently, the Court **OVERRULES** Plaintiff's Objection as it relates to her claims against UCBC and **GRANTS** Scott's Motion to Dismiss.

## IV.

Plaintiff moved to amend her complaint, in lieu of dismissal.

**A.    Standard   Motion to Amend**

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). That said, when a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). When interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

A district court's "outright refusal to grant the leave without any justifying reason . . . is not an exercise of discretion," but instead an abuse of discretion that is "inconsistent with the spirit of the Federal Rules." *Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Leave should be not granted, however, where there is "undue delay, bad faith or dilatory motive on the part of the movant," or as relevant here, when the proposed amendment is futile. *Id.* Futility arises "if the [claim, even with the] amendment[,] could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017); *see also Midkiff v. Adams*

9

*Cnty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) (denying leave to amend when the proposed amended pleading consisted of conclusory allegations without factual support).

**B.     Analysis**

Both Scotts and UCBC correctly argue, "[t]he Amended Complaint, like the original [], fails to state a claim upon which relief could be granted, and thus, the amendment would be futile." (R&R at 8, ECF No. 44) (citation omitted). The Magistrate Judge agreed, and correctly found that because the proposed amendment suffers from the same deficiencies as the original complaint and recommending denial of Plaintiff's request to amend.

Specifically, as the Report correctly explains:

> Plaintiff asserts that the proposed amendments are made "in addition to the original complaint" and amend only the parties, claims, and relief requested, and to clarify dates. (Doc. 36 at 1). Yet, the proposed amendment is "substantially identical to the original complaint," so much so that amendment would be futile. As to Scotts, the amended Complaint adds no new allegations or facts, only adding Scotts' CEO Jim Hagedorn as a Defendant. (*See* Doc. 36 at 3). Because she did not include any additional factual allegations against Mr. Hagedorn, Plaintiff has again failed to state a claim for relief. . . .
>
> Similarly, the proposed amendments do not include any additional factual allegations against UCBC. In fact, the proposed amended complaint mentions UCBC only briefly in connection with "Marysville's water supply and the construction of a new reservoir." (*See* Doc 36 at 4–5; Doc. 40 at 1–2). Because Plaintiff's proposed amended Complaint fails to provide any dates, names of people involved, or other information as to UCBC's role in allegedly switching Marysville's water supply, any such amendment would be futile.

*Id.* at 8–9 (citing *See Raymond v. Tennessee Valley Auth.*, No. 3:09-CV-048, 2011 WL 13123608, at *1 (E.D. Tenn. Apr. 14, 2011) (denying amendment where the proposed amended complaints were virtually identical to the [] operative complaints, and therefore "legally futile").

After a *de novo* review, this Court agrees with this analysis and adopts it herein. Accordingly, the Court **OVERRULES** this portion of Plaintiffs' Objections and **DENIES** her Motion to Amend the Complaint as futile.

## V.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's Objections (ECF Nos. 53, 54), **ADOPTS** the Report and Recommendation (ECF No. 44), **GRANTS** Defendant the Scotts' Motion to Dismiss (ECF No. 24**), GRANTS** Defendant Union County Commissioners' Motion to Dismiss (ECF No. 35), and **DENIES** Plaintiff's Motion to Amend (ECF No. 36).  The Clerk is **DIRECTED** to **REMOVE** The Scotts Miracle-Gro Company and the Union County Board of Commissioners as defendants in this case.  The case remains open.

**IT IS SO ORDERED.**


**12/28/2021**                                                     **s/Edmund A. Sargus, Jr.**
**DATE**                                                                   **EDMUND A. SARGUS, JR.**
                                                                                   **UNITED STATES DISTRICT JUDGE**