IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MELODY WILLIAMS,**

      **Plaintiff,**

  v.

**OHIO DEPARTMENT
OF REHABILITATION &
CORRECTIONS, et al.,**

      **Defendants.**

      **Civil Action 2:20-cv-6424**
      **Judge Edmund A. Sargus**
      **Magistrate Judge Kimberly A. Jolson**

## OPINION AND ORDER

This matter is before the Court on Defendants' Motion for a More Definite Statement (Docs. 62, 67-1). Defendants filed the Motion (Doc. 62) but mistakenly left out Defendant Murray. Thus, they filed a Motion to Correct (Docs. 66, 67) and filed the corrected Motion for More Definite Statement (Doc. 67-1) which includes Defendant Murray. For the reasons that follow, the Court **GRANTS** the Motions. Plaintiff is **ORDERED** to file an amended complaint on or before **February 25, 2022**.

**I.      Background**

Plaintiff Melody Williams, proceeding without the assistance of counsel, filed this lawsuit on December 16, 2020. (Doc. 1). Plaintiff's complaint, totaling 105 pages, makes an array of allegations against seventeen defendants. Her various allegations relate to her contention that the water at the Ohio Reformatory for Women ("ORW"), where she is imprisoned, was contaminated with an asbestos-containing mineral, vermiculite, and that water caused her harm. (*See generally id.*). To date, the Court has dismissed claims against eight Defendants: Scotts Miracle Gro Inc. (Doc. 60), Union County Commissioners (*id.*), McCartney (Doc. 64), Hall (*id.*), Heiser (*id.*), Wiedecker (*id.*), Cresan (*id.*), and Leetze (*id.*). This leaves nine Defendants: Ohio Department of

Rehabilitation & Corrections ("ODRC"), ORW, City of Marysville Ohio ("Marysville"), United States Environmental Protection Agency ("EPA"), Gardner, Eddy, Chambers-Smith, Ajeebodie, and Murray. Two of these Defendants, Marysville and EPA, have not been served. The remaining Defendants, ODRC, ORW, Gardner, Eddy, Chambers-Smith, Ajeebodie, and Murray ("moving Defendants"), bring the Motion for More Definite Statement (Doc. 67-1). Plaintiff's deadline to respond to the Motion, January 20, 2022, has passed. Thus, this matter is now ripe for review.

**II.     Standard**

While true that *pro se* complaints are to be construed liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), "basic pleading essentials" are still required, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. Pro. 12(e); *see also Lloyd v. Pokorny*, No. 2:20-CV-2928, 2020 WL 5366109, at *6 (S.D. Ohio Sept. 8, 2020) (citing *Sky Techs. Partners, LLC v. Midwest Rsch. Inst.*, 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000) ("A motion for a more definite statement 'is granted only when the pleading is so vague that it is unreasonable to expect that a responsive pleading may or can be framed.'"). Rule 12(e) motions are not favored by courts, *see Lloyd*, 2020 WL 5366109, at *6, but are appropriate "[w]hen it is virtually impossible to know which factual allegations in a pleading are intended to support which claims for legal relief . . . ." *Muhammad v. Love's Travel Stops*, No. 3:18-CV-341, 2019 WL 2210770, at *2 (S.D. Ohio May 22, 2019), *report and recommendation adopted*, No. 3:18-CV-00341, 2019 WL 2422397 (S.D. Ohio June 10, 2019) (citing *Bostic v. Davis*, 2017 WL 784814, at *2 (S.D. Ohio 2017)).

**III.     Discussion**

Plaintiff's complaint, regarding moving Defendants, seems to allege inadequate medical care while incarcerated at ORW. (Doc. 44 at 14). Yet, the Court agrees with moving Defendants that the Complaint lacks "specific allegations as they pertain to each defendant, times, places, and other pertinent information" that would enable moving Defendants to respond. (Doc. 67-1 at 2). Plaintiff's complaint is sufficiently vague and ambiguous to justify an order requiring Plaintiff to file an amended complaint.

In her amended complaint, the Plaintiff should do her best to comply with the following rules. A complaint should contain:

(1) a short and plain statement of the grounds for the court's jurisdiction;

(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a)(1)–(3). All claims must be set forth in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," Fed. R. Civ. P. 10(b), and "[e]ach allegation must be simple, concise, and direct," Fed. R. Civ. P. 8(d)(1).

To assist in complying with these rules, Plaintiff may want to use the Court's Complaint Form (*Pro Se*) which will be mailed to Plaintiff and can also be found on the Court's website. *See* http://www.ohsd.uscourts.gov/ohio-southern-district-forms. In addition, Plaintiff may wish to consult the Court's *pro se* guide, which provides basic information regarding the preparation of a complaint. *See A Guide for Pro Se Civil Litigations: Representing Yourself in the United States District Court for the Southern District of Ohio*, Sec. III.1, available at http://www.ohsd.uscourts.gov/pro-se-handbook.

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Correct (Doc. 66, 67) and Motion for a More Definite Statement (Doc. 67-1). The Court **TERMINATES** Doc. 62. Plaintiff is **ORDERED** to file an amended complaint on or before **February 25, 2022**. The Clerk's Office is **DIRECTED** to send Plaintiff a copy of the Complaint Form (*Pro Se*) and the *Pro Se* Handbook.

Additionally, Defendants indicate that Defendant Ajeebodie's name is spelled incorrectly. (Doc. 66 at 1). The Clerk's Office is **DIRECTED** to update the docket to reflect the correct spelling, "Gbenro-Ajibade."

IT IS SO ORDERED.

Date: January 26, 2022　　　　　　　　　　/s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE